TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JOSHUA BRISTER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Joshua.Brister@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TY'SHAUN MEEKS,<br><br>Defendant. | Case No. 2:25-cr-00062-CDS-NJK<br><br>**Government's Response to Defendant Ty'Shaun Meeks's Sentencing Memorandum (ECF No. 67)** |

## I. <u>INTRODUCTION</u>

Defendant Ty'Shaun Meeks will be sentenced on October 5, 2026 at 10:00 a.m. Consistent with the plea agreement, the government recommends that the Court sentence the defendant to a low-end guideline sentence of 33 months' incarceration.

## II. <u>DEFENDANT'S OFFENSE LEVEL UNDER THE U.S.S.G.</u>

The government disagrees with Probation's guideline calculations.

**<u>COUNT 1</u>**:

The government agrees with Probation that the base offense level is 18. *Compare* Presentence Investigation Report ("PSR") ¶ 30, ECF No. 63; *with* Plea Agreement ¶ 14,

ECF No. 42.

The government agrees with Probation that 2 levels should be added because the offense involved 3 to 7 firearms. *Compare* PSR ¶ 31, *with* Plea Agreement ¶ 14.

The government agrees with Probation that 2 levels should be added because the offense involved stolen firearms. *Compare* PSR ¶ 32, *with* Plea Agreement ¶ 14.

Pursuant to the plea agreement, the government is not seeking to apply any additional enhancements. *See* Plea Agreement ¶ 14. The government agrees with Probation and defense that the Court should not apply a Zero-Point Offender reduction. *See* ECF No. 67 at 6. The government is moving for a 2 level reduction for acceptance of responsibility, as well as for the third point under USSG § 3E1.1(b). Accordingly, Meeks's total offense level is 19.

**COUNT 3**:

For Count 3, the base offense level is 24, 2 levels should be subtracted for safety valve, and 3 levels should be subtracted for acceptance of responsibility, resulting in a total offense level of 19. *See* Plea Agreement ¶ 14.

The government agrees with Meeks and Probation that Meeks's is criminal history category II. *See* ECF No. 67 at 1; PSR at 29. Thus, with a total offense level of 19 and a .criminal history score of II, the guidelines range is 33 to 41 months.

## III. A 33-MONTH TERM OF INCARCERATION IS SUFFICIENT BUT NOT GRATER THAN NECESSARY UNDER § 3553(A)

Under 18 U.S.C. § 3553(a), the Court must "'impose a sentence sufficient but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carty*, 520

F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). "Although [courts] do not automatically presume reasonableness for a within-Guidelines sentence, 'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'" *United States v. Loreto*, 840 F. App'x 952, 954 (9th Cir. 2021) (quoting *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010), overruled on other grounds by *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020)).

Consistent with the plea agreement, a low-end guideline range sentence of 33 months is sufficient but not greater than necessary to accomplish the goals of sentencing. Meeks is convicted of serious crimes; he sold both firearms and fentanyl to an ATF confidential informant. *See* Plea Agreement ¶ 12. However, Meeks was only 20 years old when he began the instant offense Additionally, although Meeks struggled while on pretrial release, his struggles resulted in an increase in his criminal history from criminal history category I to criminal history category II. This change has resulted in an increase in his guideline range from 30 to 37 months under CHC I to 33-41 months under CHC II. This increase is sufficient but not greater than necessary to afford adequate deterrence from future criminal conduct.

///

///

///

///

///

///

## IV. <u>CONCLUSION</u>

For the above reasons, the government recommends that the Court sentence the defendant to a low-end guideline sentence of 33 months' incarceration.

DATED: October 1, 2026.

Respectfully submitted,

TODD BLANCHE
Attorney General

*/s/ Joshua Brister*
JOSHUA BRISTER
Assistant United States Attorney